[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14983
Non-Argument Calendar
_____

BIA Nos. A95-899-571 & A95-899-561

OSCAR DARIO CORTES-CARDONA,
OSCAR DE JESUS CORTES-GIL,
MARIA DORA HELENA CARDONA DE CORTES,
MARIA ELIZABETH CORTES-CARDONA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 27, 2007)

Before BIRCH, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Oscar Dario Cortes-Cardona, his father, Oscar de Jesus Cortes-Gil, his mother, Maria Dora Helena Cardona de Cortes, and his sister, Maria Elizabeth Cortes-Cardona, all citizens of Colombia, appeal the Board of Immigration Appeals' (BIA's) denial of asylum, withholding of removal under the Immigration and Nationality Act (INA), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT relief), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c). Petitioners assert the Immigration Judge (IJ) and BIA erred by not giving consideration to Cortes-Gil's role as a union member or Cortes-Cardona's status as a musician, and how those positions place the entire family in danger. Petitioners also contend the BIA erred by failing to apply the REAL ID Act of 2005 to their case. They further assert the BIA erred by failing to consider evidence they presented, and by failing to reopen their case.[1]

A petition for judicial review of a BIA order must be filed no later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). Time limits for judicial review are mandatory and jurisdictional and are not tolled by the

---

[1] Petitioners also attach several documents to their brief related to Cortes-Cardona's wife's recent naturalization. We decide a petition only on the administrative record on which the order of removal is based. *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278 n.1 (11th Cir. 2006). Thus, we cannot consider the attachments to the brief because they are outside of the administrative record.

filing of a motion to reopen or for reconsideration. *Dakane v. U.S. Atty. Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

Petitioners mistakenly filed a petition for review with the First Circuit on August 11, 2006. The First Circuit then forwarded the petition to the Eleventh Circuit on September 15, 2006.[2] The BIA denied petitioners' motion to reconsider on July 14, 2006. Petitioners' motion to reconsider did not toll the time limit to file a petition for review of the BIA's first two orders. Thus, we do not have jurisdiction to review the BIA's October 20, 2005, order affirming the IJ's decision, or the March 7, 2006, order denying petitioners' first motion to reopen. Our jurisdiction is limited to reviewing the BIA's July 14, 2006, decision on Petitioners' motion to reconsider.

The Board of Immigration Appeals denied the motion to reconsider as numerically barred after determining it was more accurately identified as a second motion to reopen. A party may file one motion to reopen. 8 C.F.R. § 1003.2(c)(2). Parties may file a second motion to reopen, however, if they demonstrate changed circumstances with material and previously unavailable evidence. *Id.* § 1003.2(c)(3)(ii).

---

[2] The petition is not untimely as it was transferred pursuant to 28 U.S.C. § 1631, which allows a petition to proceed as if it had been filed in the court to which it is transferred, on the date upon which it was actually filed.

The BIA considered Petitioners' motion to reconsider as a second motion to reopen because they requested the BIA consider newly available evidence. The BIA then concluded the motion was numerically barred, and Petitioners did not fulfill any of the exceptions to the numerical limitations. Petitioners do not mention this finding on review, nor do they argue the BIA erred in considering the motion to reconsider as a motion to reopen. Petitioners do not meaningfully challenge the BIA's decision, so they abandon the only issue properly before us.[3] *Sepulveda v. U.S. Att'y Gen*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding when an appellant fails to offer argument on an issue, that issue is abandoned).

**DISMISSED IN PART, DENIED IN PART.**

---

[3] We do not have jurisdiction to hear petitioners' claim the BIA erred in its decision by failing to apply the REAL ID Act of 2005 because Petitioners failed to raise it before the BIA. *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003) (holding we lack jurisdiction to consider a claim not raised before the BIA).